**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RONNIE R. DUVALL**                                                                **PLAINTIFF**

V.                      **NO. 4:06CV00363-BD**

**MICHAEL J. ASTRUE,
Commissioner of Social Security**[1]                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

**I.    Procedural History**

Plaintiff Ronnie R. Duvall filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments on January 28, 2004, alleging disability due to depression, pain in his shoulder and back, headaches, pain in his leg and knees, heart pain and spasms. (Tr. 186-95)  The Administrative Law Judge ("ALJ")[2] held a hearing on July 28, 2005, and the Plaintiff appeared with his attorney. (Tr. 427)  The record was left open after the hearing for the purpose of receiving an additional exhibit. (Tr. 429-30, 462)  The ALJ issued a decision on September 23, 2005, denying Plaintiff benefits. (Tr. 14-18)  On February 1, 2006, the Appeals Council denied Plaintiff's request for review, and Mr. Duvall filed the current Complaint (# 3) on March

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

[2] The Honorable Edward M. Starr, Administrative Law Judge

23, 2006, appealing the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for DIB and SSI under Title II of the Social Security Act (the "Act"). After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and the case should be remanded.

## II.     Background

Mr. Duvall was a forty-one year old with a high school education at the time of the hearing. (Tr. 56, 193) A majority of his past work experience was as a diesel mechanic, but he has also worked as a rock layer, roofer, logger and forklift driver. (Tr. 196)

Mr. Duvall claims a disability onset date of April 30, 2002, the date when he sustained a gunshot wound to his right thigh. (Tr. 102) Mr. Duvall attempted to return to his past employment as a diesel mechanic after the gunshot wound, but then suffered a heart attack. (Tr. 434) Following his heart attack, Mr. Duvall attempted to work as a mechanic's helper for two days in March, 2005, but this attempt to work was also unsuccessful. (Tr. 448-49)

On May 23, 2002, Plaintiff's primary care physician, Randeep Mann, M.D., diagnosed Plaintiff with depression. (Tr. 256) Dr. Mann treated Plaintiff for depression in July and December of 2002. (Tr. 252, 255) On January 3, 2003, Mr. Duvall was admitted to St. Mary's Regional Medical Center with complaints of chest pain. (Tr. 273-75) He was diagnosed with unstable angina, uncontrolled hypertension, and anxiety

disorder. (Tr. 275) After his condition stabilized, he was transferred to the Arkansas Heart Hospital where Paulo A. Ribeiro, M.D. diagnosed Plaintiff with anxiety disorder and prescribed Lorazepam. (Tr. 259) Two days after his admission, Dr. Ribeiro performed a cardiac catheterization and concluded that Mr. Duvall suffers from "fixed coronary disease of the right coronary artery." (Tr. 260)

On January 16, 2003, Plaintiff began seeing Ben Kriesel, M.D., complaining of headaches, panic attacks, depression, and anxiety. Dr. Kriesel diagnosed Mr. Duvall with anxiety, depression, hypertension, and panic attacks and switched him from Ativan to Xanax. (Tr. 291) Dr. Kriesel and Dr. Mann continued to treat Plaintiff for depression and anxiety throughout 2003 and 2004. In March, 2004 Plaintiff was treated at St. Mary's Regional Medical Center Emergency Room for chest pains. (Tr. 361-62)

On March 14, 2004, Mr. Duvall's mental status was evaluated by a Nancy J. Toombs, a consulting psychologist. (Tr. 294-99) Dr. Toombs' report found that Mr. Duvall suffered from "depressive disorder NOS" on Axis I and "personality disorder with narcissistic features" on Axis II. (Tr. 298) In April and July, 2004, non-examining state agency psychiatric review technique forms were completed on the Plaintiff based on Dr. Toombs' report. (Tr. 326-53) Both forms concluded Plaintiff suffered from affective disorder and personality disorder. (Tr. 326, 340)

In April, 2005, he was treated at St. Mary's Regional Medical Center Emergency Room again for chest pains and anxiety. (Tr. 357-58) In July, 2005, Mr. Duvall began

seeing a counselor at Counseling Associates, Inc. for depression and anxiety with panic attacks (Tr. 395, 403), and in August, 2005, a few weeks after his disability hearing, Plaintiff was evaluated by Richard H. Sundermann, Jr., M.D.  (Tr. 412-14)  Dr. Sundermann made a findings of "Probable Major Depressive Disorder, Recurrent with both Panic Attacks and Obsessive/Compulsive Symptoms" at Axis I.  (Tr. 414)

### III.     Findings of the ALJ

The ALJ followed the five-step sequential analysis set out in the social security regulations, C.F.R. §§ 404.1520(a)-(f) (2005),  finding: (1) that Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability; (2) that Plaintiff's depression, coronary artery disease, problems with shoulder, back, legs and knees and headaches were "severe" as that term is defined by the Social Security Regulations; (3) that Plaintiff's impairments did not meet or medically equal one of the impairments listed in Appendix 1 to Subpart P, Regulation No. 4; (4) that Plaintiff was unable to perform all his past relevant work; and (5) Plaintiff had the residual functional capacity to perform a wide range of light, unskilled work. (Tr. 24)

Plaintiff raises several arguments in support of his request for reversal or, in the alternative, remand.  Plaintiff's argument that the ALJ erred at step two by failing to evaluate his anxiety, panic attacks, and personality disorder has merit and the Plaintiff's case must be remanded.

**IV.     Legal Analysis**

In reviewing the decision of the ALJ, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g) (2006). This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." *Id.* Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).

The ALJ is obligated to consider the combined effect of all of a claimant's impairments. *Reinhart v. Secretary of Health & Human Svcs.*, 733 F.2d 571, 573 (8th Cir. 1984); 20 C.F.R. §§ 404.1522, 416.922 (2007). A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2007). If a "severe" impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923 (2007). In addition to the five-step sequential evaluation process noted above, there is a sequential

process set out in the Social Security Regulations ("Regulations") for evaluating mental impairments "in any case where there is evidence which indicates the existence of a mental impairment." 20 C.F.R. §§ 404.1503(e), 404.1520a, 416.920a (2006).

In this case, in spite of evidence on the record that Plaintiff suffers from anxiety disorder, panic attacks, and personality disorder, the ALJ did not evaluate or make any findings as to these mental impairments. Instead, the only one of Plaintiff's mental impairment that the ALJ evaluated according to the sequential process set forth in the Regulations and found to be "severe" as that term is defined by the Regulations was the Plaintiff's depression.[3] (Tr. 19, 24)

The fact that depression is the only mental impairment Plaintiff raised in his application for DIB does not excuse the ALJ's failure to consider others. In a pre-hearing memorandum to the ALJ, Plaintiff alleged disability due to affective disorder, depression, and anxiety with panic attacks. Further, at his hearing Mr. Duvall testified that he is depressed, anxious, has three to four panic attacks per week since suffering his heart attack, is paranoid all of the time that people are talking about him, and sees and hears things that are not there. (Tr. 440-42, 451-52)

---

[3] In order to meet his burden of applying the special technique to Plaintiff's depression, in his opinion the ALJ referenced two non-examining, state agency psychiatric review technique forms completed in April and July of 2004 that found Plaintiff suffered from affective disorder and personality disorder. (Tr. 21)

Plaintiff's treating physician and cardiologist diagnosed Plaintiff as suffering from anxiety disorder immediately after his heart attack in January of 2005. (Tr. 258-59) In February and March of 2005, Plaintiff continued to be treated for anxiety, and in April, 2005, Plaintiff reported to the hospital with chest pain and anxiety. Dr. Sundermann, the psychiatrist who evaluated the Plaintiff after the hearing in August, 2005, also made a finding of depressive disorder, recurrent with both panic attacks and obsessive compulsive symptoms on Axis I.

In this case, the record plainly contains enough evidence to trigger the special procedure for evaluating Plaintiff's anxiety disorder, panic attacks, and personality disorder. Since the ALJ did not properly evaluate the evidence of Plaintiff's mental impairments, the Court must remand the case for further review consistent with this opinion.

**V.   Conclusion**

Based on the record, the Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, the Commissioner's decision is reversed and the case is remanded to the Commissioner for further review consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

DATED this 24th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE