**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RONNIE R. DUVALL**                                                                                         **PLAINTIFF**

V.                                    NO. 4:06CV00363-BD

**MICHAEL J. ASTRUE,
Commissioner of Social Security**                                                           **DEFENDANT**

### ORDER

Plaintiff has moved for an award of attorney's fees and costs (#20) under the Equal Access to Justice Act, 28 U.S.C. § 2412. He requests fees in the amount of $7,763.82 and expenses in the amount of $27.50. The Commissioner has responded to the fee request (# 25). The Commissioner does not object to some award of attorney's fees but argues that the amount of fees requested is excessive for this type of case.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. Counsel has requested 52.92 hours of fees at a rate of $146.00 per hour.[1] The Commissioner argues that the issues involved in the case were not complex or novel, and the number of hours claimed to be spent by Plaintiff's counsel on the case is excessive under the circumstances. The Commissioner also claims that 9.67 of the hours for which Plaintiff seeks fees were spent performing administrative tasks.

---

[1] The Commissioner has not objected to the inflation-adjusted billable rate sought by Plaintiff's counsel, and the Court believes that the rate is appropriate in the present case.

The Court has reviewed the time records and agrees that an award of 52.92 hours is excessive given that time spent performing administrative tasks is not compensable under the EAJA, and the issues involved in the case were not complex or novel. See *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898, 899 (E.D.Ark.1989); *Granville House, Inc. v. Dep't. of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which can be completed by support staff is not compensable under the EAJA). Accordingly, the Court finds that the appropriate EAJA fee in this case is for 37 hours at a rate of $146.00 per hour for a total of $5,402.50. The Commissioner does not dispute the propriety of awarding Plaintiff costs of $27.50, and the Court finds this was a reasonable expense.

Accordingly, the Court GRANTS Plaintiff's application for attorney's fees under the Equal Access to Justice Act (#20) and hereby awards $5,402.00 in fees and $27.50 in costs, this 25th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE